■ JULIA LISS et al., Appellants, v. ANNES HOTELS, INC., Respondent.— Appeal from an order of a Trial Term, Supreme Court, Sullivan County. This case was stricken from the Sullivan County Calendar on October 2, 1961 under rule V of the Supreme Court Rules which at that time provided a case "at issue more than two years" might be stricken. The case had then been at issue more than two years, although a note of issue had not been filed until October 4, 1960. Thus the order to show cause bringing on the strike-off motion and the order striking the case were within the literal terms of the rule. No sufficient opposition to the application was presented by plaintiffs. Order unanimously affirmed, without costs. Present—Bergan, P. J., Coon, Herlihy, Reynolds and Taylor, JJ.

■ In the Matter of the Claim of ARNOLD ROTHSCHILD, Appellant, v. FLATBUSH JEWISH CENTER et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from a decision of the Workmen's Compensation Board. The Workmen's Compensation Board dismissed the claim because it was of opinion "the accidental injuries sustained by the claimant did not arise out of and in the course of employment". Claimant was injured when he was struck by an automobile at 10 o'clock at night on a public street on his way home from his place of employment. He contended that he was on his way home to get keys with which he would return to the employer's premises and lock up certain valuable articles. The disbelief by the board of an assertion of this kind is not an absence of substantial evidence in support of a negative finding. The burden of proof is with the claimant in this area of the case. The decision here is distinguishable from the ambiguous finding of the board considered in *Matter of Wolff* v. *Jaralomon & Co.* (4 A D 2d 923), where one possible alternative under the board's decision was the rejection of the occurrence of an accident which had been corroborated by disinterested witnesses and supported by the employer's report. That decision is not a precedent which, in the case before us, would require a reversal of the board's judgment of the facts. The findings in this case are not, as appellant argues "reversible error" as a matter of law. Rather they lie well within the fact-finding power of the board. Determination unanimously affirmed, without costs. Present—Bergan, P. J., Coon, Gibson, Reynolds and Taylor, JJ.